﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/19 Archive Date: 12/30/19

DOCKET NO. 190507-8411
DATE: December 31, 2019

ORDER

Entitlement to an initial 100 percent rating for service-connected posttraumatic stress disorder (PTSD) is granted.

FINDING OF FACT

The Veteran’s PTSD is manifested by total social and occupational impairment. 

CONCLUSION OF LAW

The criteria for an initial 100 percent rating for service-connected posttraumatic stress disorder (PTSD) have been met. 38 U.S.C. §§ 1155, 5107(b); 38 C.F.R. §§ 3.321, 4.3, 4.7, 4.16, 4.130, Diagnostic Code (DC) 9411.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Board notes that the rating decision on appeal was issued in October 2017. In May 2019, the Veteran elected the modernized review system. 38 C.F.R. § 19.2(d).

The Veteran served on active duty in the United States Marine Corps from February 1963 to February 1967. The Veteran selected to opt-in to the modernized review system from his March 2019 Statement of the Case (SOC). The Veteran timely appealed this SOC in May 2019 to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction.

Entitlement to a rating in excess of 30 percent for service-connected posttraumatic stress disorder (PTSD)

The Veteran contends that his service-connected PTSD is more severe than its current 30 percent rating.

Disability ratings are determined by applying the criteria set forth in VA’s Schedule for Rating Disabilities. The Schedule is based on the average impairment of earning capacity. Individual disabilities are assigned separate diagnostic codes. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. When two evaluations are potentially applicable, VA will assign the higher evaluation when the disability more closely approximates the criteria for the higher rating. 38 C.F.R. § 4.7. VA will resolve reasonable doubt as to the degree of disability in favor of the Veteran. 38 C.F.R. § 4.1. If the evidence for and against a claim is in equipoise, the claim will be granted. See 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 56 (1990). Any reasonable doubt regarding the degree of disability should be resolved in favor of the claimant. 38 C.F.R. § 4.3.

In evaluating the severity of a particular disability, it is essential to consider its history. 38 C.F.R. § 4.1; Peyton v. Derwinski, 1 Vet. App. 282 (1991). As a result, a complete medical history of the Veteran is required for a ratings evaluation. This is in order to protect claimants against adverse decisions based on a single, incomplete, or inaccurate report, and to enable VA to make a more precise evaluation. Schafrath v. Derwinski, 1 Vet. App. 589 (1991). In addition, VA has a duty to acknowledge and consider all regulations which are potentially applicable, and to explain the reasons and bases for its conclusions.

The Veteran's PTSD is evaluated as 30 percent disabling, from May 22, 2017, under Diagnostic Code 9411. 

Under the General Rating Formula for Mental Disorders, a 30 percent rating is warranted when there is occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks (although generally functioning satisfactorily, with routine behavior, self-care, and conversation normal), due to such symptoms as: depressed mood, anxiety, suspiciousness, panic attacks (weekly or less often), chronic sleep impairment, and mild memory loss (such as forgetting names, directions, recent events. 38 C.F.R. § 4.130, Diagnostic Code 9411.

A 50 percent rating is warranted for occupational and social impairment with reduced reliability and productivity due to such symptoms as: flattened affect; circumstantial, circumlocutory, or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short- and long-term memory (e.g., retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; difficulty in establishing and maintaining effective work and social relationships. Id.

 A 70 percent rating is warranted for occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as: suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a work-like setting); inability to establish and maintain effective relationships. Id. 

 A 100 percent rating is warranted if there is total occupational and social impairment, due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; memory loss for names of close relatives, own occupation or own name. Id.

The Veteran submitted a May 2017 Disability Benefits Questionnaire (DBQ) from Dr. T. F. in July 2017. Dr. T. F. indicated that the Veteran’s PTSD was manifested by total occupational and social impairment. Most notably, the Veteran’s symptoms included persistent delusions or hallucinations, neglect of personal appearance and hygiene, intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene), near continuous panic or depression, impairment of short and long term memory, impaired impulse control, spatial disorientation, and an inability to establish and maintain effective relationships. 

The Veteran also submitted a DBQ in July 2017, which appears to be missing pages. However, the pages included indicate that the examiner determined that the Veteran’s PTSD was manifested by total social and occupational impairment. The Veteran’s symptoms included anger, poor family relationships, and neglect of hygiene and grooming skills. The examiner noted that the Veteran continued to experience major problems in terms of socialization and that he was totally occupationally impaired due to a collection of mental health concerns which were all directly related to his diagnosis of PTSD. The Veteran was noted to treat his symptoms with prescription Zoloft.

The Veteran also submitted December 2016 mental health treatment records from the Vet Center. His symptoms included difficulty establishing and maintaining relationships, irritability, issues with impulse control and anger, depression, anxiety, and panic attacks. The Veteran’s VA treatment records show ongoing mental health treatment with prescription medication to treat the symptoms.

Finally, the Veteran was afforded a VA examination in September 2017. With regard to the severity of the Veteran’s PTSD, the examiner indicated that a mental condition has been formally diagnosed, but symptoms were not severe enough either to interfere with occupational and social functioning or to require continuous medication. The Veteran’s only symptoms were noted as depressed mood and anxiety.

In this case, the Board finds that the preponderance of the evidence weighs in favor of a finding that the Veterans PTSD is manifested by total social and occupational impairment. This finding is supported by both the May and July 2017 Disability Benefits Questionnaires indicating that the Veteran had been rendered totally occupationally and socially impaired due solely to his service-connected PTSD. The Veteran’s noted symptoms of persistent delusions or hallucinations and intermittent inability to perform activities of daily living are both contemplated by the criteria for an increased 100 percent rating. While the Board notes the opinion of the September 2017 examiner that the Veteran’s symptoms were not severe enough either to interfere with occupational and social functioning or to require continuous medication, this finding is contradicted by the other medical evidence of record. To that extent, the medical evidence, to include the Veteran’s treatment records, show some level of occupational and social impairment and treatment of his symptoms with Zoloft. The Board acknowledges the October 2017 addendum opinion of the VA examiner who conducted the September 2017 VA examination. That examiner noted treatment by the Veteran’s treating physician dated in October 2017 in support of his conclusion that the Veteran’s psychiatric symptoms are not more than mild. However, that record was not part of the evidence of record at the time of the October 2017 rating decision on appeal and is not for consideration. In addition, while the VA examiner questioned the qualifications of the examiners who provided the May and July 2017 Disability Benefits Questionnaires, the record does not demonstrate that they are not qualified to provide the findings as noted above. As such, there is probative evidence to support a finding of total social and occupational impairment. 

(Continued on the next page)

 

For the reasons stated above, the Board finds that an increased 100 percent rating for the Veteran’s service-connected PTSD is warranted.

 

 

K. J. ALIBRANDO

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Marsh II, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.